UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13389-GAO

MARK D. ELLIOTT,
Plaintiff,

v.

CLARK COUNTY COLLECTION SERVICE, LLC; DAVID L. STEINBERG; and SDMI LIMITED PARTNERSHIP,
Defendants.

ORDER
February 11, 2015

O'TOOLE, D.J.

The defendants removed this action from the Small Claims Session of the Boston Municipal Court, East Boston Division, where the plaintiff alleged violations of Massachusetts General Law Chapter 93A and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

The defendants have moved to dismiss for lack of personal jurisdiction and submit supporting affidavits that declare the absence of any contacts with Massachusetts. The plaintiff has not opposed the motion.

A plaintiff has the burden of presenting evidence that "is sufficient to support findings of all facts essential to personal jurisdiction." Bluetarp Financial, Inc. v. Matrix Constr. Co., Inc., 709 F.3d 72, 79 (1st Cir. 2013). A plaintiff must make a prima facie showing that the exercise of personal jurisdiction over the defendant satisfies both the applicable state's long-arm statute and the constitutional due process requirements. U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F.2d 9, 11 (1st Cir. 1990). In the absence of any opposition to the motion to dismiss, the plaintiff's complaint is absolutely silent on the defendants' amenability to suit in this district. In contrast,

the defendants' submissions aver in detail that defendants Clark County Collection Service, LLC, David. L. Steinberg, and SDMI Limited Partnership lack the contacts and nexus with Massachusetts that would allow this Court to maintain personal jurisdiction over them.

The plaintiff has failed to make the prima facie showing. Accordingly, the defendants' Motion to Dismiss (dkt. no. 7) is GRANTED.

The action is DISMISSED without prejudice for lack of personal jurisdiction over the defendants.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge